UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **STUART E. STEINBERG,** *et al.*, <br><br> *Plaintiffs,* <br><br> v. <br><br> **THE REPUBLIC OF SUDAN** <br><br> *Defendant.* | Case No. 1:20-cv-2996-RCL |

## CERTIFICATION

Under Federal Rule of Civil Procedure 5.1(b) and 28 U.S.C. § 2403, a federal court must certify to the Attorney General of the United States that the constitutionality of a statute has been questioned. *See* Fed. R. Civ. P. 5.1(b); 28 U.S.C. § 2403. Plaintiffs in the above-captioned matter are the estates and family members of alleged victims of terrorist attacks by Hamas. *See* Compl. 5–6, ECF No. 1. In companion cases, plaintiffs have obtained (or are attempting to obtain) default judgments against the Islamic Republic of Iran and Syrian Arab Republic for materially supporting Hamas and thereby causing physical and emotional harm to plaintiffs.[1] In this lawsuit, plaintiffs sued the Republic of Sudan ("Sudan") under the Foreign Sovereign Immunities Act ("FSIA") based on Sudan's alleged material support for these terrorist attacks. Compl. 6.

Sudan moves to dismiss plaintiffs' claims for lack of subject-matter jurisdiction based on the United States' reinstatement of Sudan's foreign sovereign immunity, for lack of personal jurisdiction, and for failure to state a claim. *See* Mot. to Dismiss, ECF No. 23. Plaintiffs respond

---

[1] *See* Order and Judgment, *Steinberg v. Islamic Republic of Iran*, No. 1:17-cv-1910 (RCL) (D.D.C. Nov. 18, 2019); Finding of Liability, *Henkin v. Islamic Republic of Iran*, No. 1:18-cv-1273 (RCL) (D.D.C. July 12, 2021); Status Report, *Fuld v. Islamic Republic of Iran*, No. 1:20-cv-2444 (RCL) (D.D.C. Dec. 22, 2021).

1

by challenging the constitutionality of (1) the United States–Sudan Claims Settlement Agreement ("CSA"), Feb. 9, 2021, T.I.A.S. No. 21-209, and (2) the Sudan Claims Resolution Act ("SCRA"), 28 U.S.C. § 1605A note. Plaintiffs, as required by Rule 5.1(a)(1), filed a notice of constitutional question contemporaneous with their response. *See* Fed. R. Civ. P. 5.1(a)(1). Plaintiffs served this notice on the Attorney General on May 13, 2022. Certificate of Service, ECF No. 26.

In accordance with the Court's obligations under Rule 5.1 and 28 U.S.C. § 2403, the Clerk of the Court is hereby **ORDERED** to serve a copy of this certification to the Office of the Attorney General of the United States and the Office of the United States Attorney for the District of Columbia by certified mail. If the Attorney General elects to intervene, he must do so no later than sixty (60) days from plaintiffs' filing of their notice. *See* Fed. R. Civ. P. 5.1(c). Until this time has expired, the Court will not enter a final judgment holding these provisions unconstitutional. *See id.*

It is **SO ORDERED**.

Date: May 17, 2022

Royce C. Lamberth
United States District Judge