IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **STUART E. STEINBERG,** *et al.*, <br><br> *Plaintiffs*, <br><br> **v.** <br><br> **REPUBLIC OF THE SUDAN**, <br><br> *Defendant.* | Case No. 20-cv-02996-RCL <br><br> Hon. Royce C. Lamberth |

### UNITED STATES' REPLY TO PLAINTIFFS' RESPONSE TO MEMORANDUM OF LAW OF THE UNITED STATES

As explained in the United States' memorandum of law, ECF No. 34, the Sudan Claims Resolution Act ("SCRA") and the Claims Settlement Agreement between the United States and Sudan ("CSA" or "the Agreement") are constitutional. Plaintiffs' arguments to the contrary are meritless. *See* ECF No. 35. Their claims should therefore be dismissed—like the claims in *Mark v. Republic of the Sudan*, 2021 WL 4709718 (D.D.C. Oct. 7, 2021)—for lack of jurisdiction.[1]

1.  **Equal Protection.** The United States demonstrated in its memorandum that the SCRA and the Agreement are reviewed under the rational basis standard, that the political branches had a valid interest in normalizing diplomatic relations with Sudan, and that the distinctions drawn in the SCRA and the Agreement were rationally related to that interest for various reasons. U.S. Mem. at 11-19. Plaintiffs make no effort to suggest that a different standard of review applies or that efforts to normalize diplomatic relations lack a reasonable governmental purpose. Indeed, they do not contest each justification proffered by the government—as is required. Plaintiffs instead contend that only certain justifications are irrational and pretextual. These arguments fail.

*First*, Plaintiffs have not carried their burden of "negati[ng] every conceivable basis" for the distinctions drawn in the SCRA and the Agreement. *FCC v. Beach Commc'ns, Inc.*, 508 U.S. 307, 314 (1993). *Mark* recognized that "government decisionmakers must draw a line for benefits or burdens *somewhere*" and that, when those lines are subject to negotiation between sovereign nations, they can be the "result of the push and pull of

---

[1] As Plaintiffs note (at 6 n.2), the D.C. Circuit held oral argument on the appeal in *Mark* on October 28, 2022, and the panel has not yet issued a decision.

1

negotiation." 2021 WL 4709178, at *3. The United States offered various justifications for the lines drawn in restoring Sudan's sovereign immunity and making certain claims eligible for compensation. U.S. Mem. at 14-18. For instance, the United States explained that the claims eligible for compensation under the terms of the Agreement involved overseas attacks on government employees or institutions, whereas other ineligible claims—such as Plaintiffs'—do not. *See id.* at 17-18. Plaintiffs do not address this valid distinction. *See Mark*, 2021 WL 4709718, at *4 ("It is understandable for the United States to prioritize compensation for attacks targeting itself rather than merely its nationals."). As a result, their equal protection claim fails. *Bd. of Trustees of Univ. of Ala. v. Garrett*, 531 U.S. 356, 367 (2001) ("the burden is upon the challenging party to negative 'any reasonably conceivable state of facts that could provide a rational basis for the classification'").

*Second*, even if that silence were not fatal to Plaintiffs' equal protection claim here (and it is), Plaintiffs' efforts to undermine other rational justifications lack merit.

To start, Plaintiffs claim that it is "nonsensical" and "[un]justifiable" to distinguish between terrorist attacks committed on U.S. soil (i.e., the 9/11 attacks) and attacks committed overseas (such as those in which Plaintiffs were victims). Opp. at 7. But that contention ignores the foundations of the modern international system of nation states, specifically the importance of territorial sovereignty, and unsurprisingly, Plaintiffs offer no support for their position. In fact, it is understandable that the political branches would prioritize claims "concern[ing] a terrorist attack on U.S. soil" over claims concerning attacks abroad. *Mark*, 2021 WL 4709718, at *4; *see id.* ("The United States could

rationally carve out this high-profile tragedy with thousands of American casualties as sui generis.").

Plaintiffs further argue that distinguishing between claimants who have secured a judgment against or reached a private settlement with Sudan, or otherwise have claims for which Sudan has been found responsible, and other claimants is improper based on the conditions under which some private settlements were allegedly reached. *See* Opp. at 2-4. Such considerations are irrelevant. Plaintiffs do not deny that, when the SCRA passed and the Agreement was finalized, Plaintiffs' claims were neither resolved nor close to judgment—as opposed to claims eligible for compensation. That is a valid distinction. Litigants may wish the political branches struck a different bargain, but limiting compensation to claims where Sudan "was already on the hook was rational," *Mark*, 2021 WL 4709718, at *3.

*Third*, Plaintiffs' contention that the Court can ignore the various rational bases on which the SCRA and the Agreement distinguish between claimants based on unsupported claims of pretext is unavailing. As support, Plaintiffs rely entirely on cases concerning "class of one" equal protection claims, which typically involve allegations that the government has subjected an *individual* to "intentional and arbitrary discrimination." *Vill. of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000); *see* Opp. at 5 (relying on *Squaw Valley Dev. Co. v. Goldberg*, 375 F.3d 936, 945-46 (9th Cir. 2004), and *Fortress Bible Church v. Feiner*, 694 F.3d 208 (2d Cir. 2012)).[2] But the D.C. Circuit has not held that a

---

[2] Plaintiffs contend that the *Beach Communications* rational basis standard is reserved for legislative enactments. Opp. at 5. For one thing, the cases on which Plaintiffs rely show

3

plaintiff may overcome an otherwise rational justification based on allegations of pretext, and this Court has expressly rejected such an argument, joining the Third, Seventh, and Tenth Circuits. *See XP Vehicles, Inc. v. Dep't of Energy*, 118 F. Supp. 3d 38, 77 (D.D.C. 2015) (Brown Jackson, J.). Moreover, even if such a claim were viable, the complaint lacks any allegation that the government intentionally discriminated against Plaintiffs or, as explained above, that it treated Plaintiffs differently than similarly situated individuals with no rational basis. *See 3883 Connecticut LLC v. Dist. of Columbia*, 336 F.3d 1068, 1075 (D.C. Cir. 2003).

*   *   *

In short, the political branches' decisions to espouse or otherwise resolve certain claims involving Sudan and to restore Sudan's sovereign immunity except with respect to 9/11-related claims are rationally related to the goal of normalizing diplomatic relations with Sudan. *See* Mem. at 11-19. Plaintiffs' opposition fails to show otherwise. Thus, because Sudan's sovereign immunity has been validly restored, this Court lacks jurisdiction over these claims.

2. **Access to the Courts.** As demonstrated in the United States' memorandum (at 20), Plaintiffs have forfeited any claim that the government improperly closed the courthouse doors to them by restoring Sudan's sovereign immunity or by espousing their claims. *See, e.g., United States v. Hughes*, 514 F.3d 15, 18 (D.C. Cir. 2008); *Ry. Labor*

---

that is incorrect. *See, e.g., XP Vehicles, Inc. v. Dep't of Energy*, 118 F. Supp. 3d 38, 76-78 (D.D.C. 2015) (reviewing agency action). For another, the SCRA is, in fact, a statute passed by Congress and signed into law by the President.

4

*Executives' Ass'n v. U.S. R.R. Ret. Bd.*, 749 F.2d 856, 859 n.6 (D.C. Cir. 1984) ("declin[ing] to resolve an issue "on the basis of briefing which consisted of only three sentences … and no discussion of the … relevant case law"). Their efforts to develop such a claim in their reply are improper. In any event, Plaintiffs have failed to explain how their purported claim fits within the two categories of denial-of-access claims that the Supreme Court has recognized. *See Christopher v. Harbury*, 536 U.S. 403, 413-14 (2002). This claim should also be dismissed.

## CONCLUSION

For these reasons and those expressed in the United States' memorandum of law, Plaintiffs' claims should be dismissed.

Dated: January 17, 2023    Respectfully submitted,

BRIAN M. BOYNTON
Principal Deputy Assistant Attorney General

ANTHONY J. COPPOLINO
Deputy Director
Federal Programs Branch

*/s/ Christopher A. Eiswerth*
Christopher A. Eiswerth (D.C. Bar No. 1029490)
Trial Attorney
United States Department of Justice
Civil Division, Federal Programs Branch
1100 L Street, NW, Rm. 12310
Washington, DC 20005
Tel: (202) 305-0568
Email: christopher.a.eiswerth@usdoj.gov

*Counsel for the United States*